# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Crystal A. Davis,                             )<br>                                                       )<br>        Plaintiff,                                  )<br>                                                       )     Civil Action No. 5:22-1425-RMG<br>        vs.                                            )<br>                                                       )<br>Kilolo Kijakazi, Acting Commissioner  )<br>of Social Security,                            )     **ORDER**<br>                                                       )<br>        Defendant.                              )<br>_____) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on March 19, 2023, recommending that the Commissioner's decision be reversed and remanded to the agency because the Administrative Law Judge failed to address Plaintiff's primary diagnosis of bipolar disorder and gave little weight to the opinions of a primary treater, Tara Campbell-Mingione, MSW, on the basis that her treatment notes were inconsistent with her opinions without identifying the alleged inconsistencies. (Dkt. No. 20).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection

-1-

is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard.  *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Based on the persuasive findings and conclusions of the Magistrate Judge in the R & R and the Commissioner's decision to submit no objections, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 20) as the Order of the Court, **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), and **REMANDS** the matter to the agency for further proceedings consistent with this Order.

**AND IT IS SO ORDERED.**

S/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
May 5, 2023